James W. and Geraldine P. Anthony v. Commissioner.
Anthony v. Commissioner
Docket No. 4953-63.
United States Tax Court
T.C. Memo 1965-142; 1965 Tax Ct. Memo LEXIS 193; 24 T.C.M. (CCH) 748; T.C.M. (RIA) 65142; May 24, 1965
James W. Anthony, pro se, 1521 S. Gramercy Place, Los Angeles, Calif. James J. Cotter, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $793 in the income tax of petitioners for the year 1961. By stipulation the petitioners concede the dependency exemptions claimed in their 1961 Federal income tax return for their sons, Earl and Willard Anthony. Petitioners also concede all other issues set forth in the notice of deficiency except the dependency exemptions claimed for Cleates Fields, the sister-in-law of James W. Anthony, and her six children. Thus the only issue for decision is whether the petitioners provided more than one-half of the support for Cleates Fields *194 and six of her children so as to be entitled to dependency exemptions for them under sections 151(e) and 152(a), Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated by the parties and are so found. James W. Anthony and Geraldine P. Anthony (hereinafter referred to as petitioners) are husband and wife who reside in Los Angeles, California. They filed their joint Federal income tax return for the calendar year 1961 with the district director of internal revenue in Los Angeles. On this return they claimed dependency exemptions for Earl and Willard Anthony, their sons, and Cleates Fields, a sister of Geraldine P. Anthony, and her three children, Clinton, Beverly, and Dennis. In their amended petition filed herein the petitioners claimed additional dependency exemptions for Deborah, Vincent, and Viky Fields, who are likewise children of Cleates Fields. Some time in August 1961 the petitioners helped financially in moving the Fields family from New York to Los Angeles. Some members of the family traveled by private car and others by train or bus. The petitioners assisted in providing the Fields family with housing, clothes, *195 food, and furniture after they arrived in Los Angeles. Petitioners do not have any receipts or records showing the amounts spent for the support of the Fields family. For part of 1961 Cleates Fields and her six children lived in New York. They received in that year $2,877.40 from the New York State Department of Welfare and $415.14 from the Veterans Administration. In addition, Ocie Lottier, who is a sister of Cleates Fields, contributed at least $300 in 1961 for the support of Cleates and her children. For almost 1 month, just before the Fields family moved to Los Angeles, Cleates Fields and three of the children lived with her brother in Newark, New Jersey, and they were supported by the brother during that time. Petitioners did not provide more than one-half of the support for Cleates Fields and her six children in 1961. Opinion In order to carry their burden of proof the petitioners must establish both the amount of support which they provided and the total amount spent for the support of Cleates Fields and her children, Clinton, Beverly, Dennis, Deborah, Vincent, and Viky. See Aaron F. Vance, 36 T.C. 547 (1961). On this record the petitioners have failed to *196 establish with any degree of accuracy either the amount of support they provided or the total amount spent. In an attempt to substantiate his contention that some $3,500 was provided by petitioners, James W. Anthony merely estimated what was spent for rent, food, clothes, furniture, and transportation. No receipts or records were produced. No corroborative testimony was offered as to items or amounts. There was a notable lack of specific evidence in support of the claimed expenditures. Even James Anthony's testimony was often vague, evasive, and unconvincing. While the petitioners may have expended some amount for the support of Cleates Fields and her children, we think such amount did not exceed $2,000. This is as close an approximation as we feel justified in making from the evidence presented. In these circumstances we must bear heavily against the petitioners whose inexactitude is of their own making. Cohan v. Commissioner, 39 F. 2d 540 (C.C.A. 2, 1930). The evidence with respect to the total amount spent for the support of the claimed dependents is equally inconclusive. We do not know the exact amount; and neither do the petitioners. [1] However, we do know that *197 at least $3,592.24 was provided to the Fields family from sources other than petitioners. Such amount, standing alone, is more than the petitioners provided. Accordingly, we have concluded and found as a fact that *198 the petitioners did not provide more than one-half of the support for Cleates Fields and her six children in 1961. We therefore hold that the petitioners are not entitled to any of the dependency exemptions claimed. Decision will be entered for the respondent. Footnotes
1. Illustrative is the following colloquy: The Court: You have one other major difficulty here, and that is that you not only have to show what you might have contributed to the support of Mrs. Fields and her children but you also have to show that the amount is more than half of the total support. Mr. Anthony: That is the thing that I could not very well do. The Court: The law requires you to do it, because there is no way the Court can allow you the exemptions unless I know what the total support is, and then measure that against what you may have provided, to determine whether you provided over half. Mr. Anthony: I can see the question, but the point is, Mrs. Fields being dead, I don't see how we can prove just what she did receive. In other words I have a good idea of what I spent - and I was conservative in the amount I put down - but I have no way of determining how much she might have received from outside sources that I wouldn't even know about.↩